**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

PEDRO PEREZ BARRERA                    CIVIL ACTION NO. 26-0676

VERSUS                                 JUDGE ALEXANDER C. VAN HOOK

WARDEN PINE PRAIRIE
CORRECTIONAL FACILITY, ET AL.          MAGISTRATE JUDGE WHITEHURST

**MEMORANDUM RULING**

Pedro Perez Barrera ("Perez Barrera") has filed a petition for a writ of habeas corpus, Record Document 4, and an emergency motion for immediate release, Record Document 10. The habeas petition is referred to the Magistrate Judge for recommendation. Record Document 4. For the following reasons, the emergency motion for immediate release is denied. Record Document 10.

In his petition and emergency motion, Perez Barrera argued that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) because he has been detained for more than six months after entry of his final order of removal. Perez Barrera, a Cuban citizen, entered the United States in 1980 and applied for admission as a refugee. Record Document 17-1 at 1. However, in 1987, Perez Barrera was convicted in federal court of conspiracy to distribute narcotics and sentenced to imprisonment for six years. *Id.* Thereafter, on July 19, 2007, the Government ordered him removed to Cuba. *Id.* The Government took him into custody on June 17, 2025, and he has remained in custody since then. *Id.* at 1-2.

After an alien is ordered removed, the Government may detain him for a period reasonably necessary to bring about that alien's removal from the United States.

1

*Zadvydas*, 533 U.S. at 701. Detention for a period of six months is "presumptively reasonable." *Id*. Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id*. Generally, the petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006).

In this case, the Court finds that the Government has shown that removal is likely to occur in the reasonably foreseeable future. For much of his detention period, Perez Barrera had been in weak health, and this substantially delayed his removal. *See* Record Document 17-1 at 2-3. Although he had been in custody since June 2025, Perez Barrera was not medically cleared for removal until December 2, 2025. *Id*. at 3. Within a month of being medically cleared, the Government had scheduled Perez Barrera for third-country removal to Mexico. *Id*. But Perez Barrera refused removal to Mexico, and thereafter, Mexico declined to receive him. *Id*. Since then, the Government has "elevated" Perez Barrera for third-country removal and is "actively working on [his] removal[.]" *Id*. at 4. Accordingly, Perez Barrera's emergency motion for immediate release is denied, but the Government must produce a status report on its removal efforts no later than August 20, 2026 and every ninety days thereafter.

**DONE AND SIGNED** at Shreveport, Louisiana, this 22nd day of May, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE

2